## Snyder, Appellant, *v.* Smyth.

*Equity—Bill for account—Findings of fact—Review.*

On a bill in equity for an account to determine what interest the defendant in an execution had as a partner in a building operation, a finding of the court below that the defendant was not a partner and that he had no interest, will not be reversed unless error clearly appears.

Argued Jan. 14, 1909. Appeal, No. 336, Jan. T., 1908, by plaintiff, from decree of C. P. No. 5, Phila. Co., Sept. T., 1907, No. 5,009, dismissing bill in equity in case of W. Riehle Smith Snyder v. Joseph J. Smyth and Wilson R. Ker. Before FELL, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity for an account. Before RALSTON, J.
The opinion of the Supreme Court states the case.

*Error assigned* was decree dismissing the bill.

*Henry B. Hodge,* for appellant.

*John G. Johnson,* with him *John McConaghy, Jr.,* for appellee.

PER CURIAM, March 8, 1909:
The bill in this case was for an account and was filed by the purchaser at a sheriff's sale of whatever interest the defendant in the execution had as a partner in a building operation. The court found that he was not a partner and that he had no interest. The correctness of this finding depends on the credibility of witnesses, of which the court who saw and heard them had a much better opportunity to judge than we have. What has been so often said, that the findings of fact by the court will not be reversed unless error clearly appears, is especially applicable to this case.

The decree of the court dismissing the bill is affirmed at the cost of the appellant.